# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEATRICE BAMISHILE – RICHARDS, and OLUWAFISAYO MESHIOYE,<br><br>*Plaintiffs*,<br><br>v.<br><br>OLUBUNMI ADEOLA AKINTOYE, OLURANTI D. AKINTOYE, BUMAK AFRICAN STORES, GEORGE K. WILLIAMS, and DAMILOLA AKINTOYE,<br><br>*Defendant*s. | Civil Case No.<br><br><br><br>**COMPLAINT & JURY DEMAND** |

Plaintiffs BEATRICE BAMISHILE – RICHARDS ("Beatrice"), and OLUWAFISAYO MESHIOYE ("Fisayo"), (collectively referred to as "Plaintiffs") by and through their attorneys Brach Eichler LLC, bring the following Complaint against Defendants OLUBUNMI ADEOLA AKINTOYE ("Bunmi"), OLURANTI D. AKINTOYE ("Akintoye"), BUMAK AFRICAN STORES ("African Stores"), GEORGE K. WILLIAMS ("George"), DAMILOLA AKINTOYE ("DAMILOLA"), (collectively referred to as "Defendants") and allege as follows:

## NATURE OF THE ACTION

1.     This is an action primarily seeking money damages for conversion and fraud, the imposition of a constructive trust, and upon obtaining meaningful discovery, a declaratory judgment setting aside any fraudulent transfers seeking to frustrate the Plaintiffs' efforts to recover any money judgment.

## PARTIES

2.     Plaintiff BEATRICE BAMISHILE – RICHARDS ("Beatrice") is a Nigerian citizen residing in Lagos Island, Lagos State, Nigeria.

3. Plaintiff OLUWAFISAYO MESHIOYE ("Fisayo") is a Nigerian citizen residing in Lagos Island, Lagos State, Nigeria.

4. Defendant OLUBUNMI ADEOLA AKINTOYE ("Bunmi"), upon information and belief, is a citizen of the United States residing or doing business from 455 Jackson Avenue, Bronx, New York 10455.

5. Defendant BUMAK AFRICAN STORES ("African Stores"), upon information and belief, is an unregistered trade name or DBA doing business from 455 Jackson Avenue, Bronx, New York 10455.

6. Defendant OLURANTI D. AKINTOYE ("Akintoye"), upon information and belief, is Defendant Bunmi's mother, whose identity Defendant Bunmi has been using to hypothecate the funds taken from the Plaintiffs.

7. Defendant GEORGE K. WILLIAMS ("George"), upon information and belief, is a citizen of the United States and residing in the State of Maryland.

8. Defendant DAMILOLA AKINTOYE ("DAMILOLA"), upon information and belief, is a citizen of the United States and residing in the State of Maryland.

**JURISDICTION**

9. The Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332(a)(2), because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of the states of New York and Maryland (defendants) and citizens of Nigeria (plaintiffs).

10. This Court has supplemental subject matter jurisdiction over Plaintiffs' state law claims for unjust enrichment, constructive trust, declaratory judgment setting aside fraudulent transfers, and fraud.

2

## VENUE

11. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a), (b) and (c) because defendants currently conduct and/or conducted business directly in the State of New York in Bronx County and the Southern District, and all did so during the time period in controversy Defendants. Further, the Southern District is the district in which a substantial part of the events or omissions giving rise to the claims herein occurred, or a substantial part of the property that is the subject of the action is situated.

## FACTUAL BACKGROUND

12. Plaintiffs, Nigerian merchants, and Bunmi, who (at the time) lived and worked in the State of Maryland, entered into several export agreements that provided that Plaintiffs would loan Bunmi money to purchase goods in Nigeria for resale in the United States by and through her business, Bumak African Store, in return for a promise to repay the loans, together with a specified rate of return. The promise to repay and pay was secured by a pledge or grant of a security interest in bank accounts owned and maintained by Bunmi.

13. To perfect the security interest Bunmi granted to Plaintiffs, Plaintiffs must process a deposit account control agreement (hereinafter, "DACA") between them, certain depository banks and Bunmi to obtain control over the Depository Accounts. To induce Plaintiffs to make the loans that created Bunmi's Payment Obligations to Plaintiffs, Bunmi agreed to execute documents between her, the banks and Plaintiffs granting such control as a condition of receiving the purchase money loans from Plaintiffs. After receiving the loans from Plaintiffs, Defendant Bunmi then has refused to cooperate with Plaintiffs in giving them control over the Depository Accounts.

14. On July 30, 2018, the Parties executed an Agreement (annexed herein as, <u>Exhibit</u>

4

A), whereby the Plaintiffs ("Investors") advanced to Defendant Bunmi ("Investee") Forty Nine Million Six Hundred Eighty Thousand (49,680,000.00) Naira.  Defendant Bunmi, pursuant to the terms of the July 30, 2018 Agreement, promised to make a disbursement of Eighty Million Six Hundred and Twenty Thousand (80,620,000.00) Naira no later than September 30, 2018.

15. On August 7, 2018, the Parties executed an Agreement (annexed herein as, Exhibit B), whereby the Plaintiffs ("Investors") advanced to Defendant Bunmi ("Investee") Forty Three Million One Hundred Thousand (43,100,000.00) Naira.  Defendant Bunmi, pursuant to the terms of the August 7, 2018 Agreement, promised to make a disbursement of Seventy Million Three Hundred Fifty Three Thousand (70,353,000.00) Naira no later than October 7, 2018.

16. On August 23, 2018, the Parties executed an Agreement (annexed herein as, Exhibit C), whereby the Plaintiffs ("Investors") advanced to Defendant Bunmi ("Investee") Thirty Million Five Hundred Thousand (30,500,000.00) Naira.  Defendant Bunmi, pursuant to the terms of the August 23, 2018 Agreement, promised to make a disbursement of Forty Eight Million Eight Hundred Thousand (48,800,000.00) Naira no later than October 23, 2018.

17. Section 14 of the July 30, 2018 Agreement, August 7, 2018 Agreement and August 23, 2018 Agreement (collectively, the "Export Agreements") all contained a choice of law and choice of venue provision delineating New York law as the choice of law and the State of New York as the choice of venue.

18. The purpose of the Export Agreements was to supply Defendant Bunmi with both money and tangible goods from Nigeria to be sold in the United States for a profit.  The "profit" was "locked in" for the Plaintiffs pursuant to the terms of the Export Agreements.  Any remaining profit would belong to Defendant Bunmi.

19. Bunmi used the purchase money loans to purchase goods which she then resold through the Bumak African Store, earning sales proceeds that were deposited into the Depository Accounts.

20. Bunmi stopped repaying Plaintiffs purchase money loans, or the agreed upon rate of return, and refused to cooperate with Plaintiffs in performing the Agreements, including by processing a DACA to give Plaintiffs control over the Depository Accounts.

21. Upon information and belief, after October 23, 2018 had passed, in response to the Plaintiffs' demands for performance and payment pursuant to the terms of the Export Agreements, Defendant Bunmi (either directly or indirectly with the assistance of her agents) produced numerous forged and fraudulent letters purporting to be from major banking institutions such as TD Bank, Capital One, Wells Fargo, Citibank, PNC, and Santander purporting to have placed a "hold" on the money invested by the Plaintiffs.

22. Upon information and belief, after October 23, 2018 had passed, in response to the Plaintiffs' demands for performance and payment pursuant to the terms of the Export Agreements, Defendant Bunmi (either directly or indirectly with the assistance of her agents) produced numerous forged and fraudulent letters purporting to be from the Internal Revenue Service for a supposed "tax liability."

23. Defendant Bunmi communicated to the Plaintiffs that the reason the funds were unavailable was because of an investigation from the Internal Revenue Service into potential tax fraud or tax liability, and because of anti-money-laundering concerns from the financial institutions.

24. Plaintiffs eventually inquired directly with the financial institutions and learned that the letters produced by Defendant Bunmi were forged or falsified and that there was never an

BE:11570418.1/CON376-278138

employee of Wells Fargo by the name of "Carlos Endrix."

25. Plaintiffs commenced a civil action in the United States District Court for the District of Maryland on February 22, 2021, Case No. 1:21-cv-00436-SAG seeking to freeze any depository accounts Defendant Bunmi had with TD Bank, Capital One, Wells Fargo, Citibank, PNC, and Santander (the "Maryland Action").

26. The Maryland Action was ultimately fruitless, because Defendant Bunmi had already transferred the cash deposits from the financial institutions supposedly imposing a "hold" on those same funds for a non-existent "investigation."

27. Upon information and belief, Defendant DAMILOLA (Defendant Bunmi's brother) has been assisting Defendant Bunmi with opening up bank accounts and use of his physical mailing address in order to frustrate the Plaintiffs' attempts to freeze the assets and enforce any money judgment that may be awarded at the conclusion of any litigation.

28. Upon information and belief, Defendant George (Defendant Bunmi's purported "lawyer" or "attorney") is not actually licensed to practice law in any state in the United States, and has been assisting Defendant Bunmi with opening up bank accounts and use of his physical mailing address in order to frustrate the Plaintiffs' attempts to freeze the assets and enforce any money judgment that may be awarded at the conclusion of any litigation.

29. Bunmi is obligated to repay Plaintiffs the principal sum of monies loaned of $937,870.32.

30. Bunmi is obligated to pay Plaintiffs the agreed upon rate of return specified in the Agreements of $ 556,193.34.

## COUNT I

## CONVERSION

31. Plaintiffs repeat and restate each of the allegations in the preceding paragraphs as though fully set forth and further allege as follows.

32. Defendant Bunmi took possession of the Plaintiffs' property under the guise of the Export Agreements.

33. Defendant Bunmi deprived the Plaintiffs' of their property under the guise of the Export Agreements.

34. Defendant Bunmi misappropriated the Plaintiffs' property for her own personal gain and benefit.

35. As a result, the Plaintiffs have and will continue to be damaged.

## COUNT II

## CONSPIRACY TO COMMIT CONVERSION

36. Plaintiffs repeat and restate each of the allegations in the preceding paragraphs as though fully set forth and further allege as follows.

37. Defendants Bunmi, DAMILOLA and George all conspired with one another by way of an agreement between them to divert, convert and misappropriate the Plaintiffs' property using multiple bank accounts across multiple financial institutions, while trying to conceal their attempt to essentially steal the Plaintiffs' money and other tangible property for their own personal gain with no intention of ever returning the property back to the Plaintiffs.

38. As a result, the Plaintiffs have been and will continue to be damaged.

## COUNT III

## AIDING AND ABETTING CONVERSION

39. Plaintiffs repeat and restate each of the allegations in the preceding paragraphs as

though fully set forth and further allege as follows.

40. Defendants Bunmi, DAMILOLA and George provided assistance to one another by way of an agreement between them to divert, convert and misappropriate the Plaintiffs' property using multiple bank accounts across multiple financial institutions, while trying to conceal their attempt to essentially steal the Plaintiffs' money and other tangible property for their own personal gain with no intention of ever returning the property back to the Plaintiffs.

41. As a result, the Plaintiffs have been and will continue to be damaged.

## COUNT IV

## BREACH OF CONTRACT

42. Plaintiffs repeat and restate each of the allegations in the preceding paragraphs as though fully set forth and further allege as follows.

43. The Parties entered into three written agreements – the Export Agreements.

44. The Plaintiffs performed their obligations under the terms of the Export Agreements.

45. Defendant Bunmi's inactions and non-performance under the terms of the Export Agreements constituted a material breach of said agreements.

46. As a result, the Plaintiffs have been and will continue to be damaged.

## COUNT V

## UNJUST ENRICHMENT

47. Plaintiffs repeat and restate each of the allegations in the preceding paragraphs as though fully set forth and further allege as follows.

48. Defendants have obtained possession of money and other tangible property in excess of $1,400,000.00 from the Plaintiffs.

8

49. Defendants' possession of money and other tangible property in excess of $1.400,000.00 from the Plaintiffs has come at the detriment of the Plaintiffs.

50. It would be unjust and contrary to good conscience to permit Defendants to retain the benefit of property in excess of $1,400,000.00 from the Plaintiffs.

51. As a result, the Plaintiffs have been and will continue to be damaged.

## COUNT VI

## CONSTRUCTIVE TRUST

52. Plaintiffs repeat and restate each of the allegations in the preceding paragraphs as though fully set forth and further allege as follows.

53. Based upon Defendants' conversion and unjust enrichment of the Plaintiffs' money and property stemming from the foregoing thefts by Defendants, the Plaintiffs are entitled to the imposition of a constructive trust upon all assets of Defendants.

## COUNT VII

## FRAUD

54. Plaintiffs repeat and restate each of the allegations in the preceding paragraphs as though fully set forth and further allege as follows.

55. Defendant Bunmi took possession of the Plaintiffs' property with the advance knowledge that she had no intention of ever performing her obligations under the Export Agreements.

56. The Export Agreements were merely a means to perpetrate a theft by fraud of the Plaintiffs' property.

57. Defendant Bunmi entered into the Export Agreements with the intent to deceive the Plaintiffs.

BE:11570418.1/CON376-278138

58. The Plaintiffs' relied upon Defendant Bunmi's statements.

59. The Plaintiff's reliance upon Defendant Bunmi's statements was reasonable.

60. The Plaintiff's reliance upon Defendant Bunmi's statements was to the Plaintiff's detriment.

61. Defendant Bunmi's intentional misrepresentation was a proximate cause of the Plaintiff's damages.

62. As a result, the Plaintiffs have been and will continue to be damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter the following relief against all Defendants:

A. Setting aside all fraudulent transfers of funds and restoring those funds to Plaintiffs

B. Compensatory damages, direct damages, consequential damages, indirect damages, punitive damages and interest;

C. Requiring Defendants to pay or reimburse Attorneys' fees and costs of suit incurred by Plaintiffs;

D. Such other and further relief that the Court deems equitable, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues and claims so triable to a jury.

                                                **BRACH EICHLER L.L.C.**
                                                **101 Eisenhower Parkway, Suite 201**
                                                **Roseland, NJ 07068**
                                                **(973) 364-8372**
                                                **bkasolas@bracheichler.com**
                                                *Attorneys for Plaintiffs*

Dated: June 14, 2021                                      By: */s/ Bobby Kasolas*
                                                         Bobby Kasolas, Esq.

BE:11570418.1/CON376-278138